ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
KEVIN SUNDWALL, Assistant United States Attorney (#6341)
JAIME THOMAS, Assistant United States Attorney (#9420)
CY H. CASTLE, Assistant United States Attorney (#4808)
MARK E. WOOLF, Assistant United States Attorney (WA Bar #39399)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
Tel (801) 524-5682 | Fax (801) 325-3399 | cy.castle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. YEVGENY FELIX TUCHINSKY, et al., Defendants. | Case No. 2:19-cr-00394-RJS-DBP MOTION FOR AMENDED ORDER AUTHORIZING INTERLOCUTORY SALE Judge Robert J. Shelby Magistrate Judge Dustin B. Pead |

The United States, through its attorneys, moves this court for an amended Order Authorizing Interlocutory Sale to correct certain language found in the Order Authorizing Interlocutory Sale this Court signed on March 31, 2021. ECF No. 259. The Order Authorizing Interlocutory Sale approved the sale of a 2014 Mercedes Benz S ("Subject Property"), but contained the language for the application of the sale proceeds from real property instead of the language for the application of sale proceeds from the 2014 Mercedes Benz S. The United States proposes changing the existing sale proceeds distribution language with the following:

/

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The Motion for Amended Order Authorizing Interlocutory Sale is granted and the Subject Property may be sold pursuant to the below provisions.

2. The sale of above identified assets shall occur as follows:

    a. The Subject Property will be sold by the United States Marshals Service ("USMS") at an auction by a sales contractor hired by the USMS. The USMS reserves the right, in its sole discretion, to reject any offer to purchase the asset where it determines that the offer is being made by, or on behalf of, any of the Defendant, relatives or friends of the Defendant, or any other person involved in the criminal activity that gives rise to the forfeiture of the Subject Property.

    b. The proceeds of the Subject Property are to be disbursed as follows:

        i. First, all costs of the sale, including but not limited to closing costs and any sales fees or commissions associated with the sale of the asset;

        ii. Second, all costs not previously paid that were incurred by the United States, its agencies or contractors in connection with the storage, maintenance, repair, marketing, and sale of the asset;

        iii. Third, payment of any liens on the asset;

        iv. Fourth, all remaining proceeds for the Subject Property sold ("Vehicle Net Proceeds") from the sale will be subject to forfeiture proceedings as a substitute res for the Subject Property, and forfeiture proceedings with respect to such asset will continue with the substitute res as if it was the

      asset that had been sold.  Should the court ever find that the Subject Property is not subject to forfeiture, the maximum amount to be returned to a claimant shall equal the Vehicle Net Proceeds held as a substitute res related to such vehicle.

c. The United States will retain the Vehicle Net Proceeds in a seized asset account managed by the USMS pending further order of the court.

WHEREFORE, the United States moves this Court to amend the Order Authorizing Interlocutory Sale to include the language for the application of sale proceeds from the 2014 Mercedes Benz S.

Dated this 9th day of April, 2021.

        ANDREA T. MARTINEZ
        Acting United States Attorney

        */s/ Cy H. Castle*
        Cy H. Castle
        Assistant United States Attorney